UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL E. OWENS AND JOSEPH WAYNE ESPAT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-4782** |
| **THE WESTERN & SOUTHERN LIFE INSURANCE COMPANY AND THE WESTERN & SOUTHERN LIFE INSURANCE LONG TERM INCENTIVE AND RETENTION PLAN** | **SECTION: "S" (4)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay All Proceedings (Doc. #61) is **GRANTED**, and this matter is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the resolution of the defendants' appeal regarding a related action in the Court of Appeals of Hamilton County, Ohio, First Appellate District.

Plaintiffs, Earl E. Owens and Joseph Wayne Espat, are retired former employees of defendant, The Western & Southern Life Insurance Company. Western & Southern provides financial services including life and health insurance, retirement savings, and investment products and services. Both Owens and Espat were participants in the Western & Southern Agency Group Long Term Incentive and Retirement Plan (the "Plan"), which was "designed to provide an incentive for selected key field associates of the Western & Southern Agency Group to maximize performance and remain with the organization." To be eligible for participation in the Plan the employee must be "in the top 5% of Employees when ranked by annual compensation as measured during the previous calendar year."

On November 15, 2012 and December 26, 2012, Kim Chiodi, Senior Vice President of Human Resources for The Western & Southern Financial Group, wrote to Owens and Espat, respectively, explaining that each forfeited his rights under the Plan because he "entered into a

business relationship or employment" with other insurance companies within three years after his retirement. The letters directed Owens and Espat to re-pay a certain amount paid to them under the Plan, plus taxes that the Western & Southern paid on the forfeited amounts.

On March 28, 2013, Western & Southern filed suit against Owens in the Court of Common Please, Hamilton County, Ohio seeking to recoup the amount Owens forfeited under the Plan. It alleged claims of breach of contract, promissory estoppel and unjust enrichment. On April 18, 2014, the court dismissed that suit for lack of jurisdiction, finding that Western & Southern's claims against Owens arose under an a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and were preempted by 29 U.S.C. § 1144. On May 8, 2014, Western & Southern appealed that decision to the Court of Appeals of Hamilton County, Ohio, First Appellate District, arguing that their state law claims are not preempted because the Plan is a top-hat plan. The appellate court heard oral arguments on November 13, 2014. One of the issues pending on appeal is whether the Plan is a "top-hat" plan, and the implications of such a designation.

On June 12, 2013, Owens and Espat filed this action seeking benefits under the Plan. They allege that the Plan is governed by ERISA, and that they are entitled to an additional $70,000 each under the Plan, which Western and Southern is "refusing to pay . . . without good or lawful cause." They claim that they did not receive a copy of the plan, were not advised of the administrative process, and that pursuing administrative remedies would be futile because Western & Southern has already demanded a return of benefits paid, and instituted litigation against Owens.

Plaintiffs filed a motion for summary judgment arguing that they are entitled to benefits under the Plan as a matter of law because they were not provided with a summary plan description

or a copy of the Plan, and were not advised of any provision which would disqualify them from receiving benefits under the Plan. They also argue that their status as independent agents with other insurance companies does not violate the Plan's forfeiture provision because they were not employees of those other insurance companies, and the other insurance companies did not directly compete with Western & Southern, either because the products offered were different, or the Western & Southern would have refused coverage for the products sold. Plaintiffs argue that they were not required to pursue administrative remedies under the Plan because they were never provided with information regarding such remedies either in the plan documents or notices of forfeiture.

Defendants filed a motion for summary judgment. They argue that it is clear that plaintiffs violated the Plan's forfeiture provision by engaging in a competing business. They also argue that plaintiffs are not entitled to summary judgment because they failed to pursue the administrative remedies under Section 6.5 of the Plan before filing this suit. Defendants argue that they were not required to provide the Plan documents or summary plan description to plaintiffs because the Plan is a "top-hat" plan subject to alternative reporting requirements under 29 C.F.R. § 2520.104-23.

Defendants also filed a motion to stay all proceedings in this case pending a decision from the Court of Appeals of Hamilton County, Ohio, First Appellate District. They argue that a stay is warranted because they seek to bring additional claims against plaintiffs, which they contend should be filed in Ohio. If the appellate court reverses the district court's dismissal, defendants will bring those claims in the Ohio court, and then move for abstention in this court.

This court finds that a stay is warranted. One of the issues on appeal in the Ohio court is whether the Plan is a "top-hat" plan, and the implications of such a designation. The Plan's potential

"top-hat" status affects this court's determination regarding the documents defendants were required to provide to plaintiffs, which impacts the motions for summary judgment. Because the Ohio suit was filed first, a stay of this litigation pending a decision of the Court of Appeals of Hamilton County, Ohio, First Appellate District is appropriate.

New Orleans, Louisiana, 22nd day of January, 2015.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**