UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL E. OWENS AND<br>JOSEPH WAYNE ESPAT<br>Plaintiffs, | CIVIL ACTION NO. 13-4782 |
| VERSUS | JUDGE MARY ANN VIAL LEMMON |
| THE WESTERN & SOUTHERN<br>LIFE INSURANCE COMPANY<br>AND THE WESTERN & SOUTHERN<br>LIFE INSURANCE LONG TERM<br>INCENTIVE AND RETENTION PLAN,<br>Defendants. | MAGISTRATE JUDGE<br>KAREN WELLS ROBY |

*******************************************************************************

**Response to Defendants' Statement of Uncontested Material Facts**

Plaintiffs, Earl Owens and Joseph Wayne Espat submit this response to the statement of uncontested material facts submitted by the defendants, The Western & Southern Life Insurance Company and The Western & Southern Life Insurance Long Term Incentive and Retention Plan submitted in connection with its cross motion for summary judgment.

1. Plaintiffs were participants in The Western & Southern Agency Group Long Term Incentive and Retention Plan ("LTIR"). (Doc. 111-1, pp. 77, 128, 136).

*Response: Admitted.*

2. The LTIR is a top-hat plan. *W. & S. Life Ins. Co. v. Owens*, 2015-Ohio-1188, ¶ 11 ("Both parties agree that W & S's deferred-compensation plan is a top hat employee benefit plan as defined under ERISA."). *See also,* Order and Reasons, Doc. 99, p. 5 (acknowledging Ohio Appellate Court decision).

*Response: Denied. See copies of briefing in the Ohio Court attached to Plaintiffs' reply memorandum as Exhibit 2.*

3. The Western & Southern Life Insurance Company ("Western & Southern") twice filed the top-hat plan notification statement with the Department of Labor on April 21, 2006 and on October 11, 2012, in compliance with the alternative reporting and disclosure requirements under 29 C.F.R. § 2520.104-23. (Exhibits A and B to Defendants' Motion for Summary Judgment).

*Response: Denied. The notice statements identified did not comply with federal law because it did not identify disqualifying terms of the Plan.*

4. Plaintiffs agreed to the terms of the LTIR by electing to receive LTIR benefits. (Doc. 111-1, pp. 77; 135-136; Doc. 111-29, pp. 2012-2013, 2042-2043).

*Response: Denied. Plaintiffs agreed to receive LTIR benefits but did not receive, nor were they notified of disqualifying terms under the plan.*

5. Plaintiffs accepted payments under the LTIR. (Doc. 111-29, pp. 1980, 1998-2001, 2003-2011, 2032-2040).

*Response: Admitted.*

6. Plaintiffs became licensed and/or appointed with other companies that sell life insurance within three years after their last day of employment with The Western & Southern Life Insurance Company ("Western & Southern"). (Doc. 111-1, pp. 86, 1919, 128-129,1982-1984, 2015-2025, 2044-2052). *See also*, Plaintiffs' Motion for Summary Judgment, Doc. 56-2, p. 5.

*Response: Admitted, but all such life insurance does not constitute in competition.*

7. Plaintiffs admit that these insurance companies for which they became agents sell insurance policies similar to those of Western & Southern. (Doc. 111-1, pp. 75, 132). As Espat observed, "life insurance is life insurance." (Doc. 111-1, p. 132).

*Response: Denied. See Owens' declaration of July 5, 2016 to Plaintiffs' reply memorandum as Exhibit 1.*

8. Plaintiff Owens knew about the LTIR's Forfeitures provision, and his violation of that provision, in the summer of 2012 before he received a letter from Western & Southern regarding his potential forfeiture of benefits. (Doc. 111-1, pp. 78, 85-86, 88; Doc. 111-29, 14-15.)

*Response: Denied for the reasons found in the administrative record. Mr. Owens did not know of any disqualifying provisions of the Plan prior to his retirement and qualification for benefits or prior to obtaining license as independent agents for companies who sold products not in competition with Western & Southern.*

9. Owens solicited and sold life insurance products to clients of Western & Southern on behalf of other insurance companies. (Doc. 111-1, pp. 76, 94).

*Response: Denied. As stated in plaintiffs' memorandum, Mr. Owens was not permitted to sell life insurance but could only recommend to those companies the sale of policies. He has admitted to helping Western & Southern's agents to sell insurance products that Western & Southern would not sell to customers because of age and/or health, or did not have the same products. Thus, Owens was not in competition with Western & Southern.*

10. Owens received additional notice of the Forfeitures Provision on November 15, 2012, when he was informed that he forfeited his rights under the LTIR because he "entered into a business relationship or employment" with other insurance companies within three years after his retirement. (Doc. 111-29, 14-15).

*Response:* *Admitted. Mr. Owens did not know and could not have learned of the defaulting provisions prior to retirement, qualifying and/or receiving benefits, and/or licensing with other insurance companies.*

11. Even after receiving the November 15, 2012, letter from Western & Southern, Owens entered into an agreement with The Independent Order of Foresters insurance company on November 20, 2012. (Doc. 111-29, 5-13).

*Response:* *Denied. See Owens' declaration to Plaintiffs' reply memorandum as Exhibit 1. Owens had applied for renewal in April or May 2012, but the renewal was not issued until Nov. 2012. And because of Hurricane Isaac, he was evacuated until Thanksgiving 2012 and did not receive notice from W&S until the end of November 2012. He has not sold or placed any insurance policies since before November 15, 2012. See also Owens' declaration (Doc. 111-12).*

12. Even after receiving the November 15, 2012, letter from Western & Southern, Owens remained licensed with several companies that sold life insurance products similar to those of Western & Southern and continued to sell life insurance products on behalf of those companies. (Doc. 111-1, 72-76, 94.)

*Response:* *Denied. Owens has not sold or placed insurance sold by W&S since retiring from the company in 2010. The insurance products he placed with other companies were not similar to W&S products. See Owens' declaration to Plaintiffs' reply memorandum as Exhibit 1 and Doc. 111-12.*

13. Plaintiff Espat received additional notice of the Forfeitures provision on October 11, 2012. (Doc. 111-29, p., 76).

*Response:* *Admitted.*

14. Even after receiving additional notice of the Forfeitures provision on October 11, 2012, Espat remained licensed with several companies that sold life insurance products similar to those of Western & Southern. (Doc. 111-29, p. 77-78, 139-147, Doc. 111-1, pp. 140-142).

*Response: Admitted. This is not a material fact as the benefits had been terminated and/or denied.*

15. Defendants presented accurate information regarding Plaintiffs' appointments and licensures to sell insurance products for other companies in the letters Plaintiffs received alerting Plaintiffs of their violations of the LTIR. (Doc. 111-1, pp. 84, 86, 128-129).

*Response: Denied. The statement is argumentative and not a statement of fact.*

16. Plaintiffs violated the "Forfeiture" provision of the LTIR located at Section 4.7 of the LTIR for two independent reasons. First they each engaged in competitive business and second, they each engaged in conduct for which they would have been terminated for "Cause." (Doc. 111-1, p. 86, 1919, 83-84, 76, 94, 18, 128-129, 139, 1982-1983). Either one of these conclusions, by itself, requires the denial of benefits under the terms of the LTIR. (Doc. 111-1, p. 18).

*Response: Denied. The statement is argumentative and not a statement of fact.*

17. The LTIR gives its plan administrators discretionary authority to determine eligibility for benefits in Section 6.3 of the LTIR. (Doc. 111-1, pp. 21-22).

*Response: Admitted. But, any denial of benefits must be based upon facts found in the administrative record.*

18. The LTIR gives its plan administrators discretionary authority to construe the terms of the LTIR in Section 6.3 of the LTIR. (Doc. 111-1, pp. 21-22).

*Response:* *Admitted.*

Respectfully submitted:

*/s/James F. Willeford*
James F. Willeford (La. 13485)
Reagan L. Toledano (La. 29687)
**WILLEFORD & TOLEDANO**
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
Ph.: (504) 582-1286; Fax (313)692-5927
Email: jimwilleford@willlefordlaw.com
*Attorneys for the Plaintiffs*

**Certificate of Service**

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record via the court's electronic system.

This the 7th day of July, 2016.

*/s/James F. Willeford*
**James F. Willeford**