UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EARL E. OWENS AND**                              CIVIL ACTION
**JOSEPH WAYNE ESPAT**

**VERSUS**                                         NO: 13-4782

**THE WESTERN & SOUTHERN LIFE**                    SECTION: "S" (4)
**INSURANCE COMPANY AND**
**THE WESTERN & SOUTHERN LIFE**
**INSURANCE LONG TERM**
**INCENTIVE AND RETENTION PLAN**

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for New Trial (Doc. #127) is **DENIED**.

BACKGROUND

This matter is before the court on plaintiffs' motion for new trial. Plaintiffs, Earl E. Owens and Joseph Wayne Espat, argue that this court should vacate its September 9, 2016, Order and Reasons granting summary judgment in favor of defendants, The Western & Southern Life Insurance Company and The Western & Southern Life Insurance Long Term Incentive and Retention Plan, because judicial estoppel does not apply. Further, plaintiffs argue that this court should grant summary judgment in their favor because defendants failed to prove that the Western & Southern Agency Group Long Term Incentive and Retirement Plan (the "Plan") was a "top-hat" plan, or alternatively, reopen the matter to allow discovery as to whether the Plan was a "top-hat" plan.

Plaintiffs are retired former employees of defendant, The Western & Southern Life Insurance Company ("Western & Southern"). Western & Southern provides financial services including life and health insurance, retirement savings, and investment products and services. In 2006 and 2008, Owens and Espat, respectively, first became eligible to participate in the Plan. The Plan includes

a forfeiture provision that provides that payments under the Plan shall be forfeited if, within three years after termination of employment with Western & Southern, the participant enters into a competing business or employment, solicits Western & Southern employees, agents or clients to work for or buy products from a competing business, or acts in any manner that would have provided grounds for termination for cause if the participant were still employed at Western & Southern.

In late 2012, Owens and Espat received correspondence from Kim Chiodi, Senior Vice President of Human Resources for The Western & Southern Financial Group, explaining that each of them forfeited his rights under the Plan because he "entered into a business relationship or employment" with other insurance companies within three years after his retirement in violation of the Plan. The letters directed Owens and Espat to re-pay certain amounts paid to them under the Plan, plus taxes that the Western & Southern paid on the forfeited amount, by certain dates, and stated that Western & Southern would "pursue all legal remedies to which [it] may be entitled," if payments were not received by the appointed dates.

Neither Owens nor Espat responded to the letters. On March 28, 2013, Western & Southern filed suit against Owens in the Court of Common Pleas, Hamilton County, Ohio seeking to recoup the amount that it previously paid to Owens that Western & Southern claims Owens forfeited under the Plan. Western & Southern alleged claims of breach of contract, promissory estoppel and unjust enrichment. On April 18, 2014, the court dismissed that suit for lack of jurisdiction, finding that Western & Southern's claims against Owens arose under an ERISA plan and were preempted by 29 U.S.C. § 1144. On May 8, 2014, Western & Southern appealed that decision to the Court of Appeals

of Hamilton County, Ohio, First Appellate District. The appellate court noted that the parties agreed that the Plan is a "top-hat" plan[1], and affirmed the trial court's decision that Western & Southern's state-law claims were preempted by ERISA.

On June 12, 2013, Owens and Espat filed this action seeking benefits under the Plan. They allege that the Plan is governed by ERISA, and that they are entitled to an additional $70,000 each in unpaid benefits under the Plan, which Western and Southern is "refusing to pay . . . without good or lawful cause."

In November and December 2014, the parties filed cross-motions for summary judgment. After considering the motions, the court found that plaintiffs did not exhaust their administrative remedies, and no exception to the administrative process requirement applied. Thus, the matter was remanded to the plan administrator for a determination with instructions that plaintiffs must exhaust all administrative remedies outlined in the Plan. Western & Southern was prohibited from raising a time limitation defense because it suggested that remand to the plan administrator was appropriate. The matter was stayed and administratively closed while the plaintiffs pursued the administrative process.

On August 5, 2015, plaintiffs submitted their claims to the plan administrator. On October 29, 2015, Donald J. Wuebbling, Secretary and Counsel of Western & Southern, wrote to plaintiffs' counsel to inform him that the plan administrator denied plaintiffs' claims for benefits. The letter stated that the Plan was a "top-hat" plan and outlined the forfeiture provisions. It also stated that the plan administrator determined that plaintiffs "engaged in business affiliations with organizations

---

[1] A "top-hat" plan is an ERISA "plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." 29 U.S.C. § 1101(a)(1).

competitive with the Company within three years of their termination of employment and that had they engaged in this activity while employed by the Company, their employment would have been terminated for 'Cause'." Thus, under the Plan, they forfeited their benefits.

Plaintiffs appealed and provided supplemental documentation. On February 25, 2016, Wuebbling wrote plaintiffs' counsel to inform him that the plan administrator upheld the denial of benefits.

Thereafter, this court granted plaintiffs' motion to reopen these proceedings, and the parties filed cross-motions for summary judgment. Western & Southern argued that the plan administrator's denial of benefits should be upheld because there is substantial evidence in the administrative record to demonstrate that plaintiffs forfeited their benefits under the Plan by becoming licensed to sell insurance for other companies. Western & Southern argued that this licensing constitutes two grounds for forfeiture: engaging in a competitive business and engaging in conduct for which they would have been terminated for cause had they still been employed by Western & Southern.

Plaintiffs argued that the plan administrator's decision should be vacated because they should not be bound by the forfeiture provisions of which they were not notified. Plaintiffs also argued that they did not engage in a competitive business because Western & Southern did not sell the insurance products that the new companies did or would not have sold to the clients because the clients were too old to be insured under Western & Southern's insurance products. Western & Southern contended that plaintiffs notice argument should be rejected because plaintiffs have admitted in this litigation, and the Ohio court found, that the Plan is a "top-hat" plan which is exempt from ERISA's notice requirements.

On September 8, 2016, this court granted Western & Southern's motion for summary judgment, and denied plaintiffs' motion. The court found that the doctrine of judicial estoppel prevented plaintiffs from asserting that the Plan was not a "top-hat" plan, because they had admitted that it was in several prior pleadings, and the Ohio court and this court acknowledged that the Plan was a "top-hat" plan. The court also found that Western & Southern complied with the alterative reporting requirement promulgated in 29 C.F.R. § 2520.104-23(b) applicable to "top-hat" plans, and thus was not required to provide a summary plan description to plaintiffs. Finally, the court found that the plan administrator did not abuse its discretion in denying plaintiffs' claims for benefits because it applied a legally correct and reasonable interpretation of the Plan in finding that the plaintiffs violated the forfeitures clause and denying plaintiffs' claim for benefits.

On September 29, 2016, plaintiffs filed the instant motion for new trial. Plaintiffs argue that the court erred in finding that judicial estoppel applied with respect to the "top-hat" issue. Plaintiffs contend that their references to the Plan as a "top-hat" plan in two pleadings were "inadvertent." They also argue that the Ohio court's statement that the Plan is a "top-hat" plan should be disregarded because it was not central to that court's holding regarding ERISA preemption and the "top-hat" issue was not litigated in that court. Further, plaintiffs argue that defendants had the burden of proving that the Plan is a "top-hat" plan because they asserted the "top-hat" status as an affirmative defense that exempted the Plan from ERISA's fiduciary requirements. Plaintiffs contend that defendants did not meet this burden because they did not argue the Plan's "top-hat" status to the plan administrator. Plaintiffs argue that this court should vacate its September 9, 2016, Order and Reasons and grant summary judgment in their favor, or alternatively, reopen discovery into the issue of whether the Plan is a "top-hat" plan.

5

Defendants argue that plaintiffs have not demonstrated that reconsideration is appropriate under Rule 59(e) of the Federal Rules of Civil Procedure, because plaintiffs have not demonstrated a manifest error of law or fact, or presented any new evidence. They contend that this court properly noted that plaintiffs stated that the Plan was a "top-hat" plan in two pleadings, and that this court and the Ohio court accepted that it is.

## ANALYSIS

Although plaintiffs title their motion as one for a new trial, they seek reconsideration of this court's September 9, 2016, Order and Reasons granting summary judgment in defendants' favor. The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. <u>Bass v. U.S. Dep't of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). <u>Hamilton Plaintiffs v. Williams Plaintiffs</u>, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); <u>see also</u> Fed. R. Civ. P. 59(e). Because plaintiffs filed the instant motion on September 29, 2016, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. <u>In re Transtexas Gas Corp.</u>, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" <u>Atchafalaya Basinkeeper v. Bostick</u>, - - - Fed. Appx. - - -, 2016 WL 4709860, at *3 (5th Cir. Sept. 8, 2016) (quoting <u>Waltman v. Int'l Paper Co.</u>, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or

(3) to correct a manifest error of law or fact.'" Berezowsky v. Ojeda, - - - Fed. Appx. - - -, 2016 WL 3254054, at *2 (5th Cir. June 13, 2016) (quoting Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)).  Because Rule 59(e) has a "narrow purpose," the United States Court of Appeals for the Fifth Circuit has "observed that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" Id. (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).  Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" Id. (quoting Templet, 367 F.3d at 479).

Plaintiffs have not established that reconsideration is warranted.  Instead, plaintiffs re-urge arguments made in support of their motion for summary judgment and make arguments that they could and should have raised in response to defendants' raising judicial estoppel in connection with that motion.

The judicial estoppel doctrine prevents "a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or earlier proceeding." Feder v. Elec. Data Sys. Corp., 429 F.3d 125, 136 (5th Cir. 2005).  Judicial estoppel applies if "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2012).

In ruling on the motions for summary judgment, the court found that plaintiffs have taken the position in multiple pleadings in this litigation that the Plan is a "top-hat" plan.  In their memorandum in opposition to defendants' motion for leave to file a counter-claim (Doc. #45),

7

plaintiffs stated that the Plan is a "top-hat" plan.  Plaintiffs again stated that the Plan is a "top-hat" plan in their supplemental memorandum in support of their motion to compel discovery (Doc. #46-1).  This court ruled that the Plan is a "top-hat" plan when it remanded the matter to the plan administrator (Doc. #99).  Because plaintiffs repeatedly stated that the plan is a "top-hat" plan, they are judicially estopped from changing their position regarding the Plan's "top-hat" status at this point in the litigation.

After reviewing the record in this case and plaintiffs' repeated assertions concerning the Plan's status as a "top-hat" plan, the court concluded that judicial estoppel applied to prevent the plaintiffs from taking the inconsistent position that the Plan is not a "top-hat" plan.  Plaintiffs have not presented any new evidence, demonstrated that there was a manifest error of fact or law or shown a change in the law that would justify the extraordinary remedy of reconsidering a final judgment.  Therefore, plaintiffs' motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for New Trial (Doc. #127) is **DENIED**.

New Orleans, Louisiana, __10th__ day of November, 2016.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**